**FA'ANENEFU HUNKIN, Plaintiff**

v.

**MARCEL GRISARD, Trustee for the Estate of
CAROL GRISARD, Defendant**

High Court of American Samoa
Trial Division

CA No. 97-88

November 7, 1989

Before REES, Associate Justice, TAUANUʻU, Chief Associate Judge, and MATAʻUTIA, Associate Judge.

Counsel: For Plaintiff, Charles V. Alaʻilima
 For Defendant, Roy J.D. Hall, Jr.

On Motion for Summary Judgment:

Plaintiff Faʻanenefu Hunkin brought this action in her capacity as a member of the Afoa family. The action seeks eviction of the defendant Estate from a certain parcel of land held under a lease from the Afoa family, as well as a judgment for rental payments alleged to be overdue.

The defendant Trustee answered that the Court had not obtained personal jurisdiction over him; that the Court also lacked subject matter jurisdiction; that plaintiff Hunkin, who purported to act on behalf of the family but is not the saʻo of the family, lacked standing to bring the action; and that plaintiffs' claims were barred by waiver, laches, and equitable estoppel. The Trustee also asserted a defense to the claim on its merits, urging that "the leasehold estate merged into a communal assignment of land to the late Ruby Grisard and her heirs."

Plaintiff then moved for summary judgment and the motion came for a hearing on January 18, 1989. Without ruling on the motion, the Court ordered a stay of further proceedings for ninety days so that the Afoa family could complete the process of selecting a saʻo.

On August 22, 1989, pursuant to a stipulation between the parties, the Clerk set the case for trial. Apparently no one noticed that plaintiff's motion for summary judgment was still pending. Just before the scheduled trial date the Court noticed the pending motion and notified counsel that the trial would be postponed to allow consideration of the motion for summary judgment.

We have determined that the motion for summary judgment should be granted in part and denied in part.

Taking the facts in the light most favorable to the defendant, we find that the late Ruby Grisard was recognized by the late Afoa Fouvale as his adopted daughter according to Samoan custom; that Carol Grisard is the natural daughter of Ruby Grisard; that the land in question was leased to Ruby Grisard by Afoa Fouvale in accordance with the terms of the Leasehold Agreement appended to the Complaint as Exhibit "B"; that the leasehold interest belonging to Ruby Grisard was conveyed in trust to the defendant Estate of Carol Grisard; that between 1982 and 1988 no demand for rental payment was made by any member of the Afoa family; and that the Afoa title has recently been assumed by Leulumoega S. Lutu, who now joins in plaintiff's demands.

From these facts it follows that the Estate holds the land under the leasehold agreement rather than in accordance with an assignment of communal land. The leasehold agreement clearly sets forth its own terms, which are different from --- indeed, virtually antithetical to --- the communal assignment alleged by defendant.

The failure of family members to demand immediate payment of the rent when defendant fell behind did not constitute a waiver of the family's entitlement to eventual payment, either by "merger" of the leasehold interest into a fundamentally different kind of land tenure or otherwise. This is especially true in light of the vacancy in the Afoa title. During the time of this vacancy (as the defendant points out in another context) it was not at all clear that any family member had the legal right to demand payment of current rentals, much less the right to alter the terms of the leasehold agreement by failing to make such a demand. Plaintiff's motion for summary judgment must therefore be granted insofar as it seeks a declaratory judgment that the defendant Trust is liable for unpaid rentals in accordance with the terms of the leasehold agreement.

The lack of a demand for immediate payment did, however, justify defendant in treating time of payment as not of the essence. Insofar as the demand for eviction is premised on the delay in payment, therefore, the motion for summary judgment must be denied.

Because we hold that the late Ruby Grisard held the land under a leasehold agreement rather than a communal assignment of land, we need not decide whether an assignment of communal land by a sa'o to his

adopted daughter has the same legal consequences as an assignment to a blood member of the family, or whether such an assignment can be conveyed by the adopted daughter to her heirs. The only issue remaining before the Court would appear to be the calculation of the exact amount of rentals due in accordance with the provision of the leasehold agreement for an automatic "cost of living" adjustment every five years.

Finally, however, we note the defendant's objections to the jurisdiction of this Court.

It is clear on the face of the pleadings that the objection to subject matter jurisdiction is without merit. This Court is the court of general jurisdiction for American Samoa; the present action concerns land in American Samoa, a contract made in American Samoa, and a deed of trust executed in American Samoa; and defendant alleges no facts from which we can discern any possible basis for an exception to our general subject matter jurisdiction. (If the objection is not to the jurisdiction of the High Court but to the bringing of the action in the Trial Division rather than the Land and Titles Division, then the appropriate remedy is to transfer the case to the proper division. Should this action proceed further, a transfer will be ordered on motion of either party; since the same judges sit in both divisions, the most important practical consequence of such a transfer will be a change in the case number.)

The objection to jurisdiction over the person is similarly unadorned with supporting facts or argument. Counsel for defendant, however, has confirmed the Court's preliminary impression that the objection must be based on the method of service on the Trustee. The Trustee does not reside in the Territory, and the summons and complaint were served on the attorney who, according to counsel for plaintiff, regularly conducts the business of the Trust within American Samoa. This is the same attorney who now represents the Trustee, having styled his answer to the complaint a "special appearance."

Since the merit of this objection depends entirely on facts not in the present record, and since it is not among the grounds urged by defendant in its opposition to the motion for summary judgment, we are not presently able to rule on it. A prudent regard for the efficient use of judicial resources, however, dictates that the Court proceed no further until any arguable defect in its jurisdiction has been cured. Accordingly, we will stay further proceedings for an additional ninety days. This will

41

allow plaintiff time to effect personal service on the Trustee by publication, which service is hereby authorized.

The parties are strongly urged to make further proceedings unnecessary by settling their remaining differences. Should this not happen, either party may move for trial upon the expiration of ninety days and upon proof that the Court has acquired jurisdiction over the person of the defendant. Any such trial will be limited to the issues remaining for resolution after the entry of partial summary judgment in accordance with the above opinion.

It is so ordered.